UNITED STATES DISTRICT COURT
for the
DISTRICT OF COLUMBIA

| | |
|---|---|
| Saint-Gobain Performance Plastics Corporation<br>　　　Plaintiff<br><br>　　　　　　vs.<br><br>Truseal USA, Inc.<br>　　　Defendant | CASE NUMBER 1:03mc02909<br><br>JUDGE: Emmet G. Sullivan<br><br>DECK TYPE: Miscellaneous<br><br>DATE STAMP: 11/12/2003 |

## MOTION TO QUASH SUBPOENAS AND

## REQUEST FOR A PROTECTIVE ORDER

The non-party deponents, Eric Mueller and Accuflow Systems, Inc., by counsel, ask the Court for a Protective Order to protect trade secrets of the Deponents, and Deponents ask for the Subpoena dated October 28, 2003, to take depositions be quashed for the following reasons.

1.  The non-party Deponents, Eric Mueller and Accuflow Systems, Inc. are scheduled for oral depositions on November 17, 2003, in Washington D.C. by Saint-Gobain Performance Plastics Corporation (Gobain) and subpoenas have been issued for both Deponents to produce documents at the November 17, 2003, deposition.

2.  Attached is an Affidavit made by Eric Mueller, president of Accuflow Systems, Inc. stating that Gobain and the deponents are competitors (See exhibit A). This Affidavit was provided to Gobain's counsel on November 10, 2003.

3.  Attached is Certification, as required by RFCP 26(c) that the Deponents has in good faith conferred or attempted to confer

Exhibit A

## AFFIDAVIT

STATE OF MARYLAND
COUNTY OF FREDRICK, to-wit

I, Eric Mueller, deposes and says as follows:

1. That I am the President of Accuflow Systems, Inc a Delaware Corporation.

2. Accuflow Systems, Inc. is a competitor of Saint-Gorbain Performance Plastics Corporation (Saint-Gobain) and distributors of Saint-Gobain.

3. Accuflow Systems, Inc. competes with distributors of Saint-Gobain in the area of manifold products. Our manifold products are purchase from Truseal USA, Inc.

4. It took our company months to convince the customers whom we compete for against the distribution system of Saint-Gobain for an opportunity to sell to them.

5. There are other companies that produce silicon manifolds, but our largest competitor is Saint-Gobain and its distributors.

6. The market for the mainfold products is not large.

7. Saint-Gobain is nationwide. Accuflow Systems, Inc. is on a continuous basis having to win customers in competition with Saint-Gorbain and its marketing system.

8. There is a huge difference in size between Saint-Gobain and Accuflow Systems, Inc. The competition is not hypothetical. We have competed for 6 accounts against Saint-Gorbain and its distribution system.

9. The Saint-Gobain distributors which have competed against for customers are TIPCO, Harrington, and TC Tech. In some case I am sure Accuflow Systems, Inc has competed against Saint-Gobain directly.

10. Saint-Gobain and its distributors and Accuflow Systems, Inc. attend trade shows and we cross business paths all the time.

Under penalty of perjury I do swear.

Eric Mueller, President
Accuflow Systems, Inc.

    Subscribed and sworn this Affidavit by Eric Mueller before me this 7th day of November, 2003. In testimony where of I hereunto set my hand the day, month and year aforesaid.

_____
Notary Public

My commission expires December 21, 2004

KELLY M. KEATING
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires December 21, 2004

UNITED STATES DISTRICT COURT
for the
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Saint-Gobain Performance Plastics Corporation<br>    Plaintiff<br><br>vs.<br><br>Truseal USA, Inc.<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Subpoena In a Civil Case regarding litigation in the Western District of Wisconsin 03-C-0243 |

### RFCP 26(c) CERTIFICATION

Certification, as required by RFCP 26(c) that the Deponents, by counsel, has in good faith conferred or attempted to confer with Gobain to resolve the dispute without court action. Discussions between counsel of the Deponents and Gobain regarding the disclosure of the Deponents trade secrets on November 4th, 10th, and 12th to attempt to resolve the dispute.


11/12/03
_____
Date

_Arthur Lander_
_____
Arthur Lander
Counsel for the Deponents


COMMONWEALTH OF VIRGINIA
COUNTY OF ARLINGTON,        to wit,


    A Notary Public in and for the County and Commonwealth aforesaid do hereby certify that Arthur Lander, whose name is signed to the foregoing Certification bearing the date of the 12th day of November, 2003, have acknowledged the same before me in my County and Commonwealth aforesaid.

    GIVEN under my hand and official seal this 12th day of November, 2003.

_Candice R Cole_
_____
NOTARY PUBLIC

My Commission Expires   My Comm. Exps August 2005   .

## Schedule A

### Definitions

1. "Truseal" means defendant Truseal USA, Inc. and any of its agents, affiliates, attorneys, related companies, divisions or subsidiaries.

2. "Accuflow" means Accuflow Systems, Inc. and any of its agents, affiliates, attorneys, related companies, divisions or subsidiaries.

3. The terms "document" and "documents" include documents and tangible things as broadly defined in Fed. R. Civ. P. 34, and includes all paper and non-paper means of information storage, including, without limitation, letters, memoranda, reports, notes, notebooks, computer records, telephone messages, email messages, sales literature, catalogs, brochures, pamphlets, advertisements, illustrations, graphs, charts, or any other writings, records or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically.

4. "Truseal Tubing and Connector Assemblies" means any tubing and connector assemblies sold, offered for sale, advertised, marketed, promoted, or in any manner described by Truseal, including but not limited to Truseal product numbers C-250-6-DY24, C-250-6-XT12 and TLC-375-12-4CR.

5. As used herein, the conjunctions "and" and "or" shall be interpreted conjunctively and shall not be interpreted to exclude any information otherwise within the scope of the request.

6. "The '265 Patent" means U.S. Patent No. 6,290,265.

7. "The '345 Patent" means U.S. Patent No. 6,432,345.

8. "Pitt" means Stephan Ronald Warburton-Pitt.

### Designations

1. The Truseal Tubing and Connector Assemblies.

3

001.1515593

2. Commercialization of the Truseal Tubing and Connector Assemblies.

3. Any offer to sell the Truseal Tubing and Connector Assemblies.

4. Any sale of the Truseal Tubing and Connector Assemblies.

5. Invoices, purchase orders, or receipts relating to the sale of the Truseal Tubing and Connector Assemblies.

6. Shipping logs relating to the sale of the Truseal Tubing and Connector Assemblies.

7. Quotations relating to any offer to sell or sale of the Truseal Tubing and Connector Assemblies.

8. Any internet website relating to Truseal.

9. E-mails received from Truseal or Pitt relating to the Truseal Tubing and Connector Assemblies.

10. Advertisements, promotional brochures, information sheets, product literature, catalogs, exhibits, displays, or technical brochures that relates to the Truseal Tubing and Connector Assemblies.

11. The advantages of the Truseal Tubing and Connector Assemblies.

12. Truseal's competitive stance in the marketplace relative to other venders of tubing and connector assemblies, including, but not limited to:

    a. Attractiveness of the Truseal Tubing and Connector Assemblies in comparison to other manufacturer's tubing and connector assemblies;

    b. Current alternative tubing and connecter assemblies;

    c. Comparisons of product performance between the Truseal Tubing and Connector Assemblies and other manufacturer's tubing and connector assemblies.

13. Truseal's pricing, price setting, changes in pricing, and pricing policies for Truseal Tubing and Connector Assemblies, including, but not limited to price lists, sales correspondence, bidding documents and price quotations.

14. Correspondence between Truseal and Accuflow relating to the Truseal Tubing and Connector Assemblies.

15. Gross or net profits expected or actually earned from the sale of the Truseal Tubing and Connector Assemblies.

16. The date on which Accuflow first obtained knowledge of the '265 Patent.

17. The scope, content, infringement, validity or enforceability of the '265 Patent.

18. Opinions relating to the infringement, validity, or enforceability of the '265 Patent.

19. The '265 Patent.

20. Correspondence relating to the '265 Patent.

21. The validity or invalidity of any claim of the '265 Patent under 35 U.S.C. § 101.

22. The validity or invalidity of any claim of the '265 Patent under 35 U.S.C. § 112.

23. Patents, publications, on-sale events, or public uses that anticipate any claim of the '265 Patent under 35 U.S.C. § 102.

24. Patents, publications, on-sale events, or public uses that render obvious any claim of the '265 Patent under 35 U.S.C. § 103.

25. The '345 Patent.

26. Correspondence relating to the '345 Patent.

27. Any license or other agreement relating to the '345 Patent.

28. The inventorship of the '345 Patent.

29. The conception, design, or development of the subject matter disclosed in the '345 Patent.

30. The prosecution of the '345 Patent.

```
                UNITED STATES DISTRICT COURT
                         for the
                   DISTRICT OF COLUMBIA
```

Saint-Gobain Performance Plastics  )
Corporation                        )
    Plaintiff                      )   Subpoena In a Civil Case
                                   )      regarding litigation
                                   )      in the Western District
                  vs.            )      of Wisconsin 03-C-0243
                                   )
Truseal USA, Inc.                  )
    Defendant                      )


## MEMORANDUM OF POINTS AND AUTHORITY

Eric Mueller and Accuflow Systems, Inc., by Counsel, respectfully submits this Memorandum in Support of the Motion to Quash the Subpoenas and a Protective Order.

1. FRCP 26(c)(7) specifically allows for trade secrets not to be revealed. The deponents are asking for this relief because the Deponents and Gobain are direct competitors. The Deponents are concerned with the following:

2. That even with marking are trade secrets as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY that are trade secrets will still become public information.

    a) In the Protective Order (Oct 28th Order) that Gobain and Truseal USA, Inc. entered into, to which the Deponents are not a party, is not sufficient to protect the Deponents' trade secrets. The Oct 28th Order allows deponents trade secrets to be used to prepare for and conduct the litigation. This would mean our customers could be subpoenaed. Then, our customers are upset and nervous about being drawn into a lawsuit to which they know nothing. It takes time and effort on their part to hire

attorneys and reflects poorly on the Deponents for having put the customers in this position. Just like the Deponents, Eric Mueller and Accuflow Systems, Inc. are not to happy with Truseal for having been put in our current position. Legal fees and time and energy on the part of the Deponents are being expended. Our clients are not going to be happy to put in the same situation. We risk loosing our clients for not fault of our own.

    c. The Deponents are a small company of one man and a part-time-bookkeeper and Gobain is a international conglomerate which has the resources to litigate.

    d. Since our trade secrets under the Oct 28th Order could be used at trial. Our business information would be testified about in open Court.

3. In the Oct 28th Order, there is no distinction between what documents are entitled to be marked CONFIDENTIAL and what documents are entitled to be marked CONFIDENTIAL-ATTORNEYS' EYES ONLY. If the document is only a CONFIDENTIAL document, then under 4(d) of the Oct 28th Order, Gobain's employees can see our trade secrets.

    e. Paragraph 10 of the Oct 28th Order allows for this level of confidentiality to be challenged, and the prevailing party is entitled to legal fees. No where in the Oct 28th Order does it say which documents are entitled to what level of confidentiality. The Deponents don't want to have to go to Wisconsin and litigate an order that is confusing on its face and in which we had no part in drafting.

    f. The only employee of Accuflow Systems, Inc. is Eric

Mueller and a part-time bookkeeper. So, now he would have to take the time and copy documents and mark documents CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY. Its an undue burden that is specifically protected against in FRCP 26(c).

 g. The Deponents not only compete with Gobain in the product in question, the Deponents also competes with Gobain and its distributors in other product lines. The sales prices and amounts on these other product lines total unrelated to the lawsuit in between the parties is on the Deponents' invoices with the sales prices of the product being litigated about.

4. The fairer approach is simply to say that these trade secret are not going to be open to discovery.

5. Once we have established that the deponents are in competition with Gobain and trade secrets are involved, Gobain has the burden of going forward. The burden is on Gobain to establish that the discovery is relevant and necessary to the action, <u>10 Fed Proc. L.Ed. 26:225 page 575</u>.

6. The Deponents are simply asking that three areas be kept from discovery:

 a. Deponents' customer information, including but not limited to, names, phone numbers, and addresses.

 b. Pricing of products sold to Deponents' customers.

 c. How, when, why, and where the Deponents' products are marketed.

7. In <u>Chisum on Patents, Volume 7, paragraph 20.03[1][b][iii]</u>, it talks about the burden of proof required of Gobain in proofing damages. Court case after court case talk about proving the

infringer's sales, ie Truseal USA sales to customer. In the present case, the Deponents are not the infringers, so the Deponents sales to our end users are not relevant or necessary. We are the customer.

8. The deponents are not objecting to being deposed of what, how much and what they paid for in purchases from the Defendant Truseal USA.

9. Once Gobain knows how much was sold to the Deponents Gobain can enter evidence on how much it lost in sales because the alleged infringer, Truseal USA, sold material to the deponents/customer. Gobain can testify had they sold this much product at this price to the deponents/customer rather than Truseal, they would have made so much money. They will have proved their consequential damages.

10. In order to try and resolve this matter, the Deponents have offer to compromise their position and testify about the range of percentage mark-up the Deponents make on the manifolds. So, the Deponents are willing to testify all about the purchase from Truseal, and the Deponents are willing to testify in general how much profit they made on the sale of the product to their customers. We are willing to talk about our gross profit margins, although, we do not see how the profit we earn from out efforts is going to enure to the benefit of Gobain. Simply, the Deponents objects disclosing information about our customers specifically and how we market them.

We also offered to agree to testify in what states we have sales in of this product or any product line we carry. This is

totally unrelated to damages, but Gobain is trying to establish jurisdiction in Wisconsin. So, we have compromised in willingness to disclose our profit margins. We have compromised in being willing to testify what states we market any product lines, even products not being litigated about.

The subpoenas are an undue burden on the deponents, the Oct 28th Order, to which the Deponents are not a party, is not sufficient to protect the Deponents' trade secrets, and the Deponents and Gobain are direct competitors, and Gobain has not met its burden improving relevance and necessity.

Finally, FRCP 45(b) requires that tender of a witness fee and milage fee, which was not done.

Wherefore, the Deponents ask the Court to Quash the Subpoenas and to enter a Protective Order.

_Arthur Lander_
Arthur Lander
Counsel for the Deponents
614 S. 19th Street
Arlington, VA 22202
(703) 486-0700
DC Bar No. 421860

UNITED STATES DISTRICT COURT
for the
DISTRICT OF COLUMBIA

| | |
|---|---|
| Saint-Gobain Performance Plastics Corporation<br>     Plaintiff<br><br>vs.<br><br>Truseal USA, Inc.<br>     Defendant | Subpeona In a Civil Case |

## ORDER DIRECTING THAT TRADE SECRETS
## NEED NOT BE DISCLOSED AND ORDER QUASHING SUBPOENAS

The non-party deponents, Eric Mueller and Accuflow Systems, Inc. are scheduled for oral depositions on November 17, 2003, in Washington D.C. by Saint-Gobain Performance Plastics Corporation (Saint-Gorbain) and Subpeonas have been issued for both Deponents to produce documents at the November 17, 2003, deposition.

It appearing that Saint-Gorbain and the Deponents are competitors. The Deponents are asking for a protective order of their trade secrets.

It is hereby order that neither Deponents will be required to produce documents or testify at the deposition concerning the following:

1. Deponents' customer information, including but not limited to, names, phone numbers, and addresses.
2. Pricing of products sold to Deponents' customers.
3. How, when, why, and where the Deponents' products are marketed.

In addition, the Deponents may use the protections of Protective Order dated October 28, 2003, issued out of the

## Certificate of Service

I hereby certify that a copy of the Motion to Quash the Subpoenas and for a Protective Order, Memorandum in Support, and Proposed Order were on November 12, 2003, faxed and mailed first class mail postage prepaid to:

M. Reed Staheli, Esq.
Foley & Lardner
777 E. Wisconsin Ave., Suite 3800
Milwaukee, Wisconsin  53202

Via fax number 414-297-4900

_____
Arthur Lander